UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ANTHONY DESHAWN BOYINGTON,                                        Plaintiff,

v.                                                          Civil Action No. 3:17-cv-P346-DJH

H & R BLOCK TAX SERVICE et al.,                                      Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Anthony Deshawn Boyington, a pretrial detainee proceeding *pro se*, *in forma pauperis* has filed a complaint (Docket Number 1) pursuant to 42 U.S.C. § 1983. Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." As a review of the complaint reveals that this Court lacks jurisdiction over the subject matter contained therein, the Court will dismiss the action.

**I**.

Although unclear,[1] the Court construes the complaint as naming the following two Defendants: (1) H & R Block Tax Service ("H & R Block"); and (2) Jamesetta R. Miller, who Plaintiff identifies as his ex-girlfriend. In his complaint, Plaintiff states that on February 23, 2017, he called Defendant H & R Block and asked them to "cut off" his tax card because $200.00 of Plaintiff's tax return had been stolen. According to Plaintiff, when he called to check on his account on March 14, 2017, he discovered that someone had withdrawn money from his account on March 8, 2017, and March 10, 2017, leaving him with a balance of only $2.39 when he should have had a balance of $600.00. According to Plaintiff, his card was used at "Food

---

[1] In the caption of his complaint, Plaintiff lists two Defendants, "H & R Block Tax Service" and Jamesetta R. Miller. However, Plaintiff fails to include Jamesetta R. Miller as a Defendant in the "Parties" section of the complaint, and he provided no summons for her.

Max's on 800 East Kentucky Street." Plaintiff states that Defendant Miller "had a male act like he was [Plaintiff] and she stolen [Plaintiff's] Identity from [him] while [he has] been in jail." Plaintiff seeks $5,000.00 in money damages and $5,000.00 in punitive damages.

## II.

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution and in statutes enacted by Congress. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see generally*, 28 U.S.C. §§ 1330-1364. Therefore, "[t]he first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue." *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 606-07 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). Without jurisdiction, courts have no power to act. *Id.* at 606. The burden of establishing jurisdiction rests with the plaintiff. *Hedgepeth v. Tennessee*, 215 F.3d 608, 611 (6th Cir. 2000); *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d at 606.

Plaintiff has failed to meet his burden. For instance, under 28 U.S.C. § 1332, the diversity-of-citizenship statute, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States; . . . ." There must be "complete diversity between the plaintiffs and defendants, i.e., 'diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff.'" *Medlen v. Estate of Meyers*, 273 F. App'x 464, 469 (6th Cir. 2008) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)) (emphasis in *Owen*). Plaintiff alleges an amount in controversy of

$10,000, well below the $75,000 required by the diversity-of-citizenship statute. Further, according to the complaint, Plaintiff is a citizen of Kentucky, and Defendants are identified as being from Kentucky or located in Kentucky. Thus, the complaint fails to satisfy the complete diversity-of-citizenship requirement. For these reasons, Plaintiff cannot bring any state-law claims by way of the federal-diversity statute.

Additionally, under the federal-question statute, 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff brings this action on a 42 U.S.C. § 1983 complaint form. Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. As such, it has two basic requirements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Plaintiff makes no allegation that Defendants were acting under color of state law when they allegedly harmed Plaintiff. Further, Plaintiff does not allege any violation of the Constitution, laws or treaties of the United States. Nor is the Court aware of any authority under which Plaintiff may invoke the jurisdiction of this Court to remedy the alleged wrong about which he complains. Thus, this Court does not have federal-question jurisdiction over this complaint.

Further, to the extent Plaintiff may be seeking to initiate a criminal complaint against one or both Defendants, his action fails. "It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). Only federal prosecutors, and not private citizens, have authority to initiate federal criminal charges. *See Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *see also United States v. Nixon*, 418 U.S. 683, 693

(1974) ("Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch."). Plaintiff is a private citizen and cannot initiate criminal charges against Defendants.

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). Additionally, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). In fact, to do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Plaintiff having failed to establish this Court's jurisdiction, the instant action must be dismissed. The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
     Defendants
4415.003

4